**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JANNINE A. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 1:21-cv-3067 |
| | ) |
| METROPOLITAN SCHOOL DISTRICT | ) |
| OF WARREN TOWNSHIP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Jannine A. Campbell ("Campbell"), by counsel,

against Defendant, Metropolitan School District of Warren Township ("Defendant"), for Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et. seq.* and the Family and

Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

### II. PARTIES

2. Campbell is a resident of Marion County, Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the

Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to

28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e-5(f)(3); and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C.

§2611(4).

1

6. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. §2611(2).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging Discrimination and Retaliation based on her Race. Campbell received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Campbell, who is African American, was hired by the Defendant in September 2012 as a teacher.

10. In or about July 2018, Campbell was promoted to Department Chair for the English Department. Campbell was the first African American to hold such position.

11. Throughout the entirety of her employment tenure, she met or exceeded all legitimate job performance expectations.

12. As Department Chair, Plaintiff was under Principal Rick Shepler ("Shepler"), who is White, and the Assistant Principal Bre Brown ("Brown"), who is White.

13. During the 2020-2021 school year, Campbell and Brown had several email exchanges concerning scheduling and other issues at the Defendant's location.

14. Campbell attempted to discuss these issues with Shepler and Brown but was dismissed.

15. At one point, Campbell informed Brown that her comments and actions felt hostile to Campbell. Brown responded that, "You'll [Campbell] know when I'm being hostile."

16. During this same period, an African American teacher in the Science Department posted something on Facebook about the Defendant. In said posting, it was inferred that it was about Brown.

17. Following said post, Brown attempted to schedule a meeting with the African American teacher. Said meeting did not occur and the African American teacher resigned shortly thereafter.

18. Because of this event, Campbell became worried that Brown would retaliate against her in a similar fashion.

19. On March 16, 2021, Campbell was given a "Memorandum" of unacceptable behavior for failing to respond to various calls on January 21, 2021; March 8, 2021; March 12, 2021; and March 15, 2021. Said Memorandum was issued by Shepler.

20. Campbell issued a response on March 22, 2021. In said response, Campbell explained in detail why said Memorandum was inaccurate. Campbell noted that one of the reasons the Memorandum was inaccurate was that she was out on approved FMLA leave on one of the dates at issue. Campbell also expressed how these actions by Shepler and Brown were racially motivated.

21. After Campbell submitted her response to Shepler, Defendant began retaliating against Campbell. This retaliation included, but is not limited to, Campbell being given a negative yearly review by Shepler and Brown in or about May 2021,

22. Due to the Defendant's continued actions, Campbell was constructively discharged on July 1, 2021.

23. Campbell has suffered damages as a result of Defendant's actions.

### V. CAUSES OF ACTION

## COUNT I: RACE DISCRIMINATION

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant discriminated against Campbell based on her race.

26. Defendant's actions were intentional, willful, and in reckless disregard of Campbell's rights as protected by Title VII of the Civil Rights Act of 1964.

27. Campbell has suffered damages as a result of Defendant's actions.

## COUNT II: RACE RETALIATION

28. Plaintiff hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Campbell engaged in a protected activity under Title VII when she submitted her response and complained of racial harassment.

30. Campbell was retaliated against for engaging in protected activity.

31. Defendant's actions were intentional, willful, and in reckless disregard of Campbell's rights as protected by Title VII of the Civil Rights Act of 1964.

32. Campbell has suffered damages as a result of Defendant's actions.

## COUNT III: FMLA RETALIATION

33.  Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34. Campbell engaged in a protected activity under the FMLA when she requested and utilized leave.  Defendant retaliated against Campbell for exercising her rights under the FMLA.

35. Defendant's actions were intentional, willful, and in reckless disregard of Campbell's rights as protected by FMLA.

36. Campbell has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jannine Campbell, by counsel, respectfully requests that this Court find for Plaintiff and:

1) Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2) Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3) Order that Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts.

4) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

5) Award Plaintiff compensatory damages for Defendant's violations of Title VII;

6) Award Plaintiff liquidated damages for Defendant's violations of the FMLA;

7) Award Plaintiff punitive damages for Defendant's violations of Title VII;

8) Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

9) Award Plaintiff pre- and post judgement interest on all sums recoverable; and

10) Grant such other relief as may be just and proper.

<div style="margin-left:40%">

Respectfully submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*_____
Andrew Dutkanych III, Atty No. 23551-49
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
      Tferguson@bdlegal.com
*Attorneys for Plaintiff*

</div>

## DEMAND FOR JURY TRIAL

Plaintiff, Jannine Campbell, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*
Andrew Dutkanych III, Atty No. 23551-49
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
Tferguson@bdlegal.com
*Attorneys for Plaintiff*

6